IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| 9103 BASIL COURT PARTNERS, LLC, <br> 1101 30th Street, N.W., Suite 500 <br> Washington, D.C. 20007 <br><br> Plaintiff, <br><br> v. <br><br> ZHA ARCHITECTS, P.C., <br> 10614 Fiesta Road <br> Fairfax, Virginia 22032 <br><br> <u>Serve on Registered Agent</u>: <br> Corporation Service Company <br> 100 Shockoe Slip, Floor 2 <br> Richmond, Virginia 23219 <br><br> Defendant. | * <br> * <br> * <br> * <br> Case No. CAL 21 17059 <br> * <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*

FILED

DEC 21 2021

CLERK OF THE CIRCUIT COURT
FOR PRINCE GEORGE'S COUNTY, MD

## COMPLAINT

Plaintiff 9103 Basil Court Partners, LLC, by and through undersigned counsel, and pursuant to Maryland Rules 2-101, *et seq.*, hereby files this Complaint against Defendant ZHA Architects, P.C., and, in support thereof, states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff 9103 Basil Court Partners, LLC ("9103 Basil Court"), is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 1101 30th Street, N.W., Suite 500, Washington, D.C. 20007. 9103 Basil Court is an active limited liability company in good standing with the State of Maryland Department of Assessments and Taxation ("SDAT"). 9103 Basil Court is engaged in the business of a real estate

developer. 9103 Basil Court is the owner of the construction project that is the subject of this action.

2. Defendant ZHA Architects, P.C. ("ZHA Architects"), is a professional corporation organized under the laws of the Commonwealth of Virginia with its principal place of business located at 10614 Fiesta Road, Fairfax, Virginia 22032. ZHA Architects is engaged in the business of a commercial architecture firm. ZHA Architects served as the architect for the construction project that is the subject of this action.

3. This Court has subject matter jurisdiction pursuant to §§ 1-501 and 4-401, *et seq.*, of the Courts and Judicial Proceedings Article of the Maryland Code because the amount in controversy in this case exceeds $30,000.00.

4. This Court has personal jurisdiction over ZHA Architects pursuant to §§ 6-102 and 6-103 of the Courts and Judicial Proceedings Article of the Maryland Code because, upon information and belief, ZHA Architects regularly transacts business in the State of Maryland. In addition, this Court has personal jurisdiction over ZHA Architects pursuant to the Maryland Long-Arm Statute, § 6-103 of the Courts and Judicial Proceedings Article of the Maryland Code, insofar as ZHA Architects transacted business and performed work in the State of Maryland; contracted to supply services in the State of Maryland; caused tortious injury in the State of Maryland by an act or omission in the State of Maryland; and caused tortious injury in the State of Maryland by an act or omission outside the State and, upon information and belief, regularly does or solicits business, engages in any other persistent course of conduct in the State, or derives substantial revenue from services used in the State; and 9103 Basil Court's causes of action against ZHA Architects arise from same.

5. Venue in this Court is proper pursuant to §§ 6-201 and 6-202 of the Courts and Judicial Proceedings Article of the Maryland Code because the contract at issue in this litigation was to be performed, in part, in Prince George's County, Maryland; the subject causes of action arose in Prince George's County, Maryland; and neither ZHA Architects nor 9103 Basil Court are residents of the State of Maryland.

6. All conditions precedent to the institution of this action and 9103 Basil Court's entitlement to assert the causes advanced and to recover the sums claimed have been satisfied, waived, or excused.

### Facts

7. 9103 Basil Court incorporates Paragraphs 1 through 6 above as if fully stated herein.

8. On or about May 10, 2016, ZHA Architects issued to Largo Hotel, LLC ("Largo Hotel"), a proposal to provide architectural, structural, mechanical, electrical, and other technical design services (the "Proposal") in connection with the construction of a new Homewood Suites hotel located in Largo, Maryland (the "Project"). A true and correct copy of the Proposal is attached hereto as **Exhibit A**.

9. Largo Hotel accepted the Proposal issued by ZHA Architects. (*See* Proposal, Ex. A, at p. 8.)

10. Largo Hotel subsequently sold the real property upon which the Project was to be constructed to 9103 Basil Court, an affiliated entity.

11. In connection with the aforementioned sale, Largo Hotel assigned the Proposal to 9103 Basil Court, and 9103 Basil Court assumed all of Largo Hotel's rights and obligations under the Proposal.

12. Thereafter, ZHA Architects and 9103 Basil Court proceeded under the Proposal with the shared understanding that 9103 Basil Court was the relevant contracting party and the owner of the subject property and Project.

13. Among other things, the Proposal provided that ZHA Architects was to "prepare a set of Construction Documents suitable for building and permitting" for the Project, to include "final construction documents and applicable general specifications for construction including [mechanical/electrical/plumbing ("MEP")], structural, and all other consultant work." (*See* Proposal, Ex. A, at Sec. B.3.)

14. In addition, the Proposal included a provision entitled "Indemnification," which stated:

> As applied to this project, liability to the Owner and to all Construction Contractors and Sub-Contractors on the project due to ZHA Architects, P.C. and their consultant's negligent acts, errors and omissions shall be limited to the amount of available insurance.

(*See* Proposal, Ex. A, at Sec. H.)

15. In accordance with the Proposal, ZHA Architects prepared and delivered to 9103 Basil Court the relevant design documents for use in connection with the Project, including, among other things, the Project's architectural, structural, and MEP drawings.

16. 9103 Basil Court fully performed under the Proposal, including making payment to ZHA Architects for all amounts earned by ZHA Architects for the services it provided in connection with the Project.

17. During the course of the Project, Monarc Construction, Inc. ("Monarc"), the Project's general contractor, submitted certain claims to 9103 Basil Court, including a claim for delay damages arising out of alleged conflicts in ZHA Architects' design of the HVAC duct work at the Project (the "Duct Work Delay Claim"), namely, that the size of the HVAC ducts on the

4

first floor of the Project were too large for the shafts (the "Duct Work Conflict"), which claim was submitted by Monarc to 9103 Basil Court on or about February 22, 2019.

18. On or about May 11, 2020, Monarc, as Claimant, initiated an arbitration against 9103 Basil Court (the "Arbitration") by filing a demand for arbitration with the American Arbitration Association (the "AAA"), which demand included Monarc's Duct Work Delay Claim.

19. In their November 16, 2021 Partial Final Award, the arbitrators in the Arbitration found that ZHA Architects "did not perform this coordination [between the architectural, structural, and MEP drawings], thereby causing design changes and delay costs to be incurred by Monarc," and awarded Monarc a 73-day time extension as well as $253,804.63 in delay damages on its Duct Work Delay Claim.

20. In addition, 9103 Basil Court has suffered other damages as the result of the allegedly defective design of the Project's duct work by ZHA Architects, including, but not limited to, attorneys' fees, expert witness fees, and arbitrator fees and expenses incurred in connection with the Arbitration, as well as 9103 Basil Court's own delay and other damages stemming from the Duct Work Conflict.

## COUNT I
### (Breach of Contract)

21. 9103 Basil Court incorporates Paragraphs 1 through 20 above as if fully stated herein.

22. 9103 Basil Court and ZHA Architects are parties to the Proposal.

23. In issuing the architectural, structural, and MEP drawings for use in connection with the Project that contained the Duct Work Conflict, ZHA Architects materially breached its obligations under the Proposal to, among, other things, "prepare a set of Construction Documents suitable for building and permitting."

24. ZHA Architects' failure to perform in accordance with the obligations imposed upon it by the Proposal, as described above, was without justification.

25. The aforementioned errors and omissions committed by ZHA Architects, which constitute breaches of the Proposal, have caused 9103 Basil Court to incur damages in excess of $75,000.00, as described above.

WHEREFORE, Plaintiff 9103 Basil Court Partners, LLC, hereby demands judgment on Count I against Defendant ZHA Architects, P.C., in an amount in excess of $75,000.00, plus pre-judgment interest, post-judgment interest, attorneys' fees pursuant to Maryland Rule 2-703(b), and costs, together with such other and further relief as this Court may deem appropriate.

## COUNT II
### (Professional Negligence)

26. 9103 Basil Court incorporates Paragraphs 1 through 25 above as if fully stated herein.

27. In performing its obligations under the Proposal, ZHA Architects owed 9103 Basil Court a professional duty of care to, among other things, ensure that the Project could be constructed as designed by ZHA Architects.

28. In issuing the architectural, structural, and MEP drawings for use in connection with the Project that contained the Duct Work Conflict, ZHA Architects materially breached its professional obligations owed to 9103 Basil Court as an architect.

29. ZHA Architects' failure to perform in accordance with the professional obligations it owed to 9103 Basil Court as an architect, as described above, was without justification.

30. The aforementioned errors and omissions committed by ZHA Architects, which constitute breaches of ZHA Architects' professional obligations owed to 9103 Basil Court as an

architect, have caused 9103 Basil Court to incur damages in excess of $75,000.00, as described above.

WHEREFORE, Plaintiff 9103 Basil Court Partners, LLC, hereby demands judgment on Count II against Defendant ZHA Architects, P.C., in an amount in excess of $75,000.00, plus pre-judgment interest, post-judgment interest, attorneys' fees pursuant to Maryland Rule 2-703(b), and costs, together with such other and further relief as this Court may deem appropriate.

## COUNT III
### (Contractual Indemnity)

31. 9103 Basil Court incorporates Paragraphs 1 through 30 above as if fully stated herein.

32. 9103 Basil Court and ZHA Architects are parties to the Proposal.

33. Section H of the Proposal contemplates an obligation on the part of ZHA Architects to indemnify 9103 Basil Court for any of ZHA Architects' "negligent acts, errors and omissions" in connection with its design of the Project. (*See* Proposal, Ex. A, at Sec. H.)

34. In issuing the architectural, structural, and MEP drawings for use in connection with the Project that contained the Duct Work Conflict, ZHA Architects committed "negligent acts, errors and omissions" that fall within the scope of ZHA Architects' indemnity obligations owed to 9103 Basil Court under Section H of the Proposal.

35. Accordingly, ZHA Architects is required by contract to indemnify 9103 Basil Court against all damages incurred by 9103 Basil Court arising out of the Duct Work Conflict, including but not limited to the award issued by the arbitrators in the Arbitration in favor of Monarc on its Duct Work Delay Claim, as described above.

WHEREFORE, Plaintiff 9103 Basil Court Partners, LLC, hereby demands judgment on Count III against Defendant ZHA Architects, P.C., in an amount in excess of $75,000.00, plus pre-

judgment interest, post-judgment interest, attorneys' fees pursuant to Maryland Rule 2-703(b), and costs, together with such other and further relief as this Court may deem appropriate.

## COUNT IV
### (Implied Indemnity)

36. 9103 Basil Court incorporates Paragraphs 1 through 35 above as if fully stated herein.

37. In light of the special relationship between 9103 Basil Court and ZHA Architects, *i.e.*, that of a property owner and its retained design professional, ZHA Architects owed to 9103 Basil Court an implied indemnity obligation against damages arising out of ZHA Architects' breach of its contractual obligations and/or its professional duty of care.

38. In issuing the architectural, structural, and MEP drawings for use in connection with the Project that contained the Duct Work Conflict, ZHA Architects breached its contractual obligations and/or the professional duty of care it owed to 9103 Basil Court, as described above, thereby triggering ZHA Architects' implied indemnity obligations.

39. Accordingly, ZHA Architects is required by implication to indemnify 9103 Basil Court against all damages incurred by 9103 Basil Court arising out of the Duct Work Conflict, including but not limited to the award issued by the arbitrators in the Arbitration in favor of Monarc on its Duct Work Delay Claim, as described above.

WHEREFORE, Plaintiff 9103 Basil Court Partners, LLC, hereby demands judgment on Count IV against Defendant ZHA Architects, P.C., in an amount in excess of $75,000.00, plus pre-judgment interest, post-judgment interest, attorneys' fees pursuant to Maryland Rule 2-703(b), and costs, together with such other and further relief as this Court may deem appropriate.

Dated: December 21, 2021

Respectfully submitted,

_____
Kenneth K. Sorteberg
Lucas F. Webster
Kevin B. Mattingly
**Huddles, Jones, Sorteberg & Dachille, P.C.**
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(301) 621-4120
(301) 621-4473 (facsimile)
sorteberg@constructionlaw.com
webster@constructionlaw.com
mattingly@constructionlaw.com

**Counsel for Plaintiff**
**9103 Basil Court Partners, LLC**

9